# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-653V
Filed: January 9, 2015
Not for Publication

* * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| JUNE REED, on behalf of M.C., a minor child | * * * |
| Petitioner, | * Damages Decision Based on Proffer; |
| | * Rotavirus; Intussusception |
| v. | * |
| | * |
| | * |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * |
| | * |
| Respondent. | * |

* * * * * * * * * * * * * * * * * * * * * * * *

Amber Wilson, Maglio Christopher and Toale, PA, Washington, DC, for petitioner.
Justine Daigneault, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Vowell**, Chief Special Master:

On July 24, 2014, June Reed filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*,[2] [the "Vaccine Act" or "Program"] on behalf of her minor daughter, M.C.  The petition alleges that as a result of the administration of a rotavirus vaccination on December 3, 2013, M.C. suffered an intussusception which required surgical intervention.  (Petition (ECF No. 1) at pp. 1-2.)

On October 28, 2014, I issued a ruling on entitlement, finding petitioner entitled to compensation.  (*See* Ruling on Entitlement (ECF No. 17).) On January 7, 2015, respondent filed a proffer on award of compensation ("Proffer") detailing compensation

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002).  In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

for M.C.'s actual and projected pain and suffering, past unreimbursable expenses related to M.C.'s vaccine-related injury, and a Medicaid lien.  According to respondent's Proffer, petitioner agrees to the proposed award of compensation.[3]  Pursuant to the terms stated in the attached Proffer, **I award petitioner:**

1. **A lump sum payment of $35,000.00 in the form of a check payable to petitioner, June Reed, as guardian/conservator of M.C., for the benefit of M.C.,** representing compensation M.C.'s pain and suffering[4];

2. **A lump sum payment of $119.04 in the form of a check payable to petitioner, June Reed,** representing compensation for past unreimbursable expenses; and

3. **A lump sum payment of $7,990.74 in the form of a check payable jointly to petitioner, June Reed, and**

   **AMERIGROUP**
   **Attn: Cost Containment Unit**
   **P.O. Box 62509**
   **Virginia Beach, VA 23466,**

   representing compensation for satisfaction of the State of Louisiana Medicaid lien.[5]

These amounts represent compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[6]


**IT IS SO ORDERED.**

                                                                **s/Denise K. Vowell**
                                                                **Denise K. Vowell**
                                                                Chief Special Master

---

[3] Petitioner's agreement was also confirmed via e-mail to petitioner's counsel by the staff attorney managing this case on January 8, 2015.

[4] Per the terms of the proffer "no payments shall be made until petitioner provides respondent with documentation establishing that she has been appointed as guardian/conservator of MC's estate."

[5] Petitioner agrees to endorse this payment to AMERIGROUP.

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

_____
                                                )
JUNE REED, on Behalf of MC,   )
a Minor Child,                                )
                                                )
    Petitioner,                         )
                                                )   No. 14-653V
    v.                                     )   Chief Special Master Vowell
                                                )   ECF
SECRETARY OF HEALTH AND   )
HUMAN SERVICES,                      )
                                                )
    Respondent.                         )
_____)

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.    Items of Compensation**

For the purposes of this proffer, the term "vaccine-related" is as described in Respondent's Rule 4(c) Report filed on October 28, 2014.

    A.    Future Unreimbursable Expenses

The parties agree that based upon the evidence of record, MC will not require future care for her vaccine-related injury. Therefore, respondent proffers that petitioner should be awarded no future unreimbursable expenses under 42 U.S.C. § 300aa-15(a)(1). Petitioner agrees.

    B.    Lost Future Earnings

The parties agree that based upon the evidence of record, MC will be gainfully employed in the future. Therefore, respondent proffers that petitioner should be awarded no anticipated loss of earnings under 42 U.S.C. § 300aa-15(a)(3)(B). Petitioner agrees.

    C.    Pain and Suffering

Respondent proffers that MC should be awarded $35,000.00 in actual and projected pain

and suffering. This amount reflects that the award for projected pain and suffering has been reduced to net present value.[1] *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

      D.      <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents her expenditure of past unreimbursable expenses related to MC's vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $119.04. Petitioner agrees.

      E.      <u>Medicaid Lien</u>

Respondent proffers that MC should be awarded funds to satisfy the State of Louisiana Medicaid lien in the amount of $7,990.74, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Louisiana may have against any individual as a result of any Medicaid payments the State of Louisiana has made to or on behalf of MC from the date of her eligibility for benefits through the date of judgment in this case as a result of her vaccine-related injury suffered on or about December 3, 2013, under Title XIX of the Social Security Act.

## II. **Form of the Award**

The parties recommend that compensation provided to MC should be made through lump sum payments as described below and request that the Chief Special Master's decision and the Court's judgment award the following:

      A.  A lump sum payment of $35,000.00, representing compensation for pain and suffering, in the form of a check payable to petitioner as guardian/conservator of MC, for the benefit of MC. No payments shall be made until petitioner provides respondent with documentation establishing that she has been appointed as guardian/conservator of MC's estate.

---

[1] Should MC die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.

If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of MC, any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of MC upon submission of written documentation of such appointment to the Secretary.

  B. A lump sum payment of $119.04, representing compensation for past unreimbursable expenses, payable to June Reed, petitioner.

  C. A lump sum payment of $7,990.74, representing compensation for satisfaction of the State of Louisiana Medicaid lien, payable jointly to petitioner and

AMERIGROUP<br>
Attn: Cost Containment Unit<br>
P.O. Box 62509<br>
Virginia Beach, VA 23466

Petitioner agrees to endorse this payment to the above payee.

**III.**   **Summary of Recommended Payments Following Judgment**

| | | |
|---|---|---:|
| A. | Lump sum paid to petitioner as guardian/conservator of MC's estate: | **$35,000.00** |
| B. | Lump sum paid to petitioner: | **$ 119.04** |
| C. | Reimbursement for Medicaid Lien: | **$ 7,990.74** |

        Respectfully submitted,

        JOYCE R. BRANDA
        Acting Assistant Attorney General

        RUPA BHATTACHARYYA
        Director
        Torts Branch, Civil Division

        VINCENT J. MATANOSKI
        Deputy Director
        Tort Branch, Civil Division

ALTHEA W. DAVIS
Senior Trial Counsel
Torts Branch, Civil Division

 s/ Justine Daigneault
JUSTINE E. DAIGNEAULT
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Telephone: (202) 307-6393

Dated: January 7, 2015