# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-653V
Filed: July 7, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| JUNE REED, on behalf of M.C., a minor child, | |
| Petitioner, | |
| v. | Attorney Fees and Costs; Stipulation Special Processing Unit ("SPU") |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Amber Diane Wilson, Maglio Christopher and Toale, PA, Washington, DC, for petitioner.*
*Althea Walker Davis, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON ATTORNEY FEES AND COSTS[1]

**Vowell,** Chief Special Master:

On July 24, 2014, June Reed filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleged that M.C., a minor child, experienced an intussusception following administration of a rotavirus vaccine on December 3, 2013. On January 9, 2015, I issued a decision awarding compensation to petitioner based on a proffer by Respondent. By the terms of the proffer, the award of damages was contingent upon petitioner documenting her appointment as guardian or conservator of M.C.'s estate.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

On July 7, 2015, the parties filed a Stipulation of Fact Concerning Attorneys' Fees and Costs. According to the stipulation, the parties agree upon an award of $16,751.66 for attorney costs and fees by counsel of record for this claim and $5,094.50 for costs and fees by Gary L. Conlay, petitioner's counsel for guardianship proceedings related to this claim.  In accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e).  I find the proposed amount to be reasonable.

**Accordingly, I award the total of $21,846.16[3] as a lump sum in the form of:**

- **a check in the amount of $16,751.66 jointly payable to petitioner and petitioner's counsel Amber D. Wilson, Esq; and**

- **a check in the amount of $5,094.50 jointly payable to petitioner and petitioner's counsel Gary L. Conlay, Esq.[4]**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

                                              **s/Denise K. Vowell**
                                              **Denise K. Vowell**
                                              Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Per the parties' stipulation, both checks are to be forwarded to counsel of record at Maglio Christopher & Toale, PA, 1775 Pennsylvania Avenue, NW, Suite 225, Washington, D.C., 20006.

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).